NAME  Richard Verdugo

PRISON NUMBER  T-85856



FILED

2008 APR -2 PM 4:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

CURRENT ADDRESS OR PLACE OF CONFINEMENT
Salinas Valley State Prison
Facility 'B'  B-1-204
P.O. Box 1050
CITY, STATE, ZIP CODE
Soledad, CA  93960-1050

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Richard Verdugo          ,
(FULL NAME OF PETITIONER)

                    PETITIONER

        v.

Micheal Evens, et al       ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                    RESPONDENT
        and

The Attorney General of the State of
California, Additional Respondent.

Civil No  **'08 CV 0607 L POR**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court of the State of California, Riverside County

2. Date of judgment of conviction:  October 12, 2005

3. Trial court case number of the judgment of conviction being challenged:  SWF 011852

4. Length of sentence:  8 years

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date:

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   Health & Safety Code § 11377(a)

7. What was your plea? (CHECK ONE)

   (a) Not guilty ☐

   (b) Guilty ☒

   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

   (a) Jury ☐      N/A
   (b) Judge only ☐

9. Did you testify at the trial?

   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:  N/A
    (a) Result:

    (b) Date of result (if known):

    (c) Case number and citation (if known):
    (d) Names of Judges participating in case (if known):

    (e) Grounds raised on direct appeal:  N/A

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following: N/A
    (a) Result:

    (b) Date of result (if known):

    (c) Case number and citation (if known):

    (d) Grounds raised:

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the
    following with respect to that petition:  N/A

    (a)  Result:

    (b)  Date of result (if known):

    (c)  Case number and citation (if known):


    (d)  Grounds raised:




## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously
    filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with
    respect to this judgment in the <u>California Superior Court</u>?
    [X] Yes [ ] No

15. If your answer to #14 was "Yes," give the following information:

    (a)  <u>California Superior Court</u> Case Number (if known):   SWC 000134

    (b)  Nature of proceeding:  Petition For Writ of Habeas Corpus

    (c)  Grounds raised:  Sentence was illegally imposed




    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
         [ ] Yes [X] No

    (e)  Result:  Denied

    (f)  Date of result (if known):  March 8, 2007


16. Other than a direct appeal from the judgment of conviction and sentence, have you previously
    filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with
    respect to this judgment in the <u>California Court of Appeal</u>?
    [X] Yes [ ] No

17. If your answer to #16 was "Yes," give the following information:

    (a) <u>California Court of Appeal</u> Case Number (if known):  SWF 011852

    (b) Nature of proceeding:  Petition for Writ of Habeas Corpus

    (c) Names of Judges participating in case (if known)

        Unknown

    (d) Grounds raised:  Sentence illegally imposed

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (f) Result:  Denied

    (g) Date of result (if known):  April 4, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Supreme Court</u>?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) <u>California Supreme Court</u> Case Number (if known): E042665

    (b) Nature of proceeding:  Petition for Writ of Habeas Corpus

    (c) Grounds raised:  Sentence illegally imposed

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (e) Result:  January 3, 2008

    (f) Date of result (if known):

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your first federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes  ☐ No    (IF "YES" SKIP TO #22)
    (a)  If no, in what federal court was the prior action filed?
      (i)  What was the prior case number?
      (ii)  Was the prior action (CHECK ONE):
          Denied on the merits?              ☐
          Dismissed for procedural reasons?  ☐
      (iii)  Date of decision:
    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
       ☐ Yes  ☐ No
    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
       ☐ Yes  ☐ No

---

**CAUTION:**
- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

    **(a) GROUND ONE**: Petitioners Sentence was illegally imposed
                            Apprendi v New Jersey (2005) 530 U.S. 466
                            Blakely v Washington (2006) 542 U.S. 296
                            Booker v United States (2006) 543 U.S. 220

**Supporting FACTS:**

**Did you raise GROUND ONE in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):
Petition on Habeas Corpus

(2) Case number or citation: E042665

(3) Result (attach a copy of the court's opinion or order if available):
Denied

(b) GROUND TWO:


Supporting FACTS:


Did you raise GROUND TWO in the California Supreme Court?

☐ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

(c)  GROUND THREE:


Supporting FACTS:


Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.

  If yes, answer the following:

  (1) Nature of proceeding (i.e., petition for review, habeas petition):

  (2) Case number or citation:

  (3) Result (attach a copy of the court's opinion or order if available):

(d)    GROUND FOUR:


Supporting FACTS:


Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:

(3)    Result (attach a copy of the court's opinion or order if available):

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:  N/A

    (a)  Name of Court:

    (b)  Case Number:

    (c)  Date action filed:

    (d)  Nature of proceeding:

    (e)  Name(s) of judges (if known):

    (f)  Grounds raised:

    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a)  At preliminary hearing . . . . . . . .  Joseph Katz
                                 40485 Murrieta Hot Springs Road
                                 Murrieta, CA  92563

    (b)  At arraignment and plea . . . . . . .  Same as above

    (c)  At trial . . . . . . . . . . . . . . . . . . .  N/A

    (d)  At sentencing . . . . . . . . . . . . . .  Same as above

    (e)  On appeal . . . . . . . . . . . . . . . . .  Pro Per

    (f)  In any post-conviction proceeding .

    (g)  On appeal from any adverse ruling in a post-conviction proceeding:  N/A

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

(b) Give date and length of the future sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:
March   , 2008

CIV 68 (Rev. Jan. 2006)                -11-                                    cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

**3 - 19 - 08**          *Richard Verdugo*

(DATE)                    SIGNATURE OF PETITIONER

# TABLE OF CONTENTS

pages

TABLE OF AUTHORITIES                                          ii

INTRODUCTION                                                  1

ARGUMENT
    I.   PETITIONER'S SENTENCE UNLAWFULLY IMPOSED         2
           IMPOSED IN VIOLATION OF HIS SIXTH AND
           FOURTEENTH AMENDMENT RIGHTS OF THE UNITED
           STATES CONSTITUTION

EXHIBITS ATTACHED
    A
    B

AFFIDAVIT AND MOTION FOR LEAVE TO FILE AND PROCEED
IN FORMA PAUPERIS

PROOF OF SERVICE

1

<u>TABLE OF AUTHORITIES</u>

2                                                                        <u>pages</u>

3    People v Jones (1993) 5 Cal 4th 1142                               3

4    Apprendi v New Jersey (2005) 530 U.S. 466                          4

5    Blakely v Washington ||2006) 542 U.S. 296                          4

6    Booker v United States (2006) 543 U.S. 220                         4

7

8                          <u>STATUTES</u>

9

10   <u>California Penal Code</u>                                        667(e)

11

12   <u>Health and Safety</u> Code                                      11377(a)

13

14   <u>California Constitution Article I</u> § <u>28(f)</u>

15

16   <u>United States Constitution Amendments</u>

17                        Sixth

18                        Fourteenth

19

20

21

22

23

24

25

26

27

28

RICHARD VERDUGO   T-85856
SALINAS VALLEY STATE PRISON
FACILITY B; BLDG. 1 - 204
SOLEDAD; CA 93960-1050

In Pro Per

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RICHARD VERDUGO )
      Petitioner, )
            )
   vs )
            )
MICHAEL EVANS, WARDEN )
     RESPONDENT )

Superior Court Case No: SWF 011852

PETITION FOR WRIT OF HABEAS CORPUS
CONVICTION AND SENTENCE

PETITION FOR WRIT OF HABEAS CORPUS

BRIEF AND EXHIBITS IN SUPPORT THEREOF

   Petitioner, Richard Verdugo respectfully petitions this court on Writ of Habeas Corpus and by this verified Writ sets forth the following facts and causes for the issuance of said Writ.

   The Petitioner is presently incarcerated by the Director of Corrections and Warden Michael Evans of Salinas Valley State Prison, Soledad, California in Monterey County. Petitioner is currently serving an eight (8) years term in prison which was imposed on October 12, 2005 by the Honorable Judge F. Paul Dickerson, the Presiding Judge in The Superior Court of California, Riverside County. Superior Court Case Number SWF 011852.

   The Petitioner, Richard Verdugo, was arrested on May 12, 2005 in violation of the California Health and Safety Code H.S. §11377(a). Petitioner plead guilty on May 20, 2005 to a Count 1. The aforementioned H.S. §11377(a), and admitted to two (2) priors.

( 1 )

1  Petitioner also admitted to a strike prior pursuant to California
2  Penal Code Sections 667(c) and 667(e)(1). The court also stuck a
3  prior. The court found factual basis for plea of guilty with no
4  preliminary hearing.

5      On October 12, 2005, the court sentenced the Petitioner
6  pursuant to California penal Code Section 667(e)(1) to the upper
7  term of six (6) years. Further as to the priors one and two, the
8  court imposed one (1) year enhancements. The principle count to be
9  Count 1, H.S. §11377(a) and priors 1 and 2 to run consecutive to
10 the six year sentence imposed. A total of eight (8) years in state
11 prison.

12                                I

13

14   PETITIONER"S SENTENCE WAS UNLAWFULLY IMPOSED IN VIOLATION
15    OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS OF THE UNITED
16                       STATES CONSTITUTION

17

18     Petitioner, Richard Verdugo was sentenced on October 12, 2005
19  in the Superior court of California of Riverside Count to an upper
20  term of six (6) years for a violation of the California Health and
21  Safety Code Section 11377(a), pursuant to California Penal Code
22  Section 667(e). Petitioner was also sentenced to two (2)
23  consecutive one year enhancements for prior(s) one and two. the
24  Petitioner, (Defendant) Richard Verdugo argues his Constitutional
25  Rights and California Constitution Article I; Section 28(f) along
26  with his Due Process Right under the Fourteenth Amendment under the
27  U.S.C.A.

28

                              ( 2 )

California Penal Code Section||s) 667 and 667.5 cannot be used to enhance a sentence by both a prior conviction and for a prior prison term imposed by the same conviction as has been done here to the Petitioner [People v Jones (1993) 5 Cal. 4th 1142]. The court not only imposed the upper term of six (6) years, it has imposed two (2) one year prior enhancements consecutive for the same prior to increase the sentence to the upper term of six (6) years. One strike prior was used to impose the upper term, was also used to as an element for increasing the sentence and was used for an enhancement of one year consecutive prison term. California amended the Determinate Sentencing Law (DSL) with Penal Code Section 667 for increasing punishments to offenders provided it did not violate their Constitutional Rights. California Penal Code Section 667 specifies whether a defendant can be determined or considered for an increased sentence. Which can only be done to those enumerated prior felony convictions which have been brought and tried separately, (Plead and Proven) by the court. However, in this judgement against the Petitioner there has been and error. It allows the Petitioner's prior(s), which were not plead and proven, to be used as an element to increase the judgement in Count One (1) to an upper term of six (6) years, and enhance the punishment by double and then sentence the Petitioner to two (2) one year enhancements consecutively for the same prior convictions. (Please refer to Exhibit A, Page 2 of the Plea Agreement)

Furthermore, Petitioner's charge under the California Determinate Sentencing Law (DSL) carries possible terms of sixteen ||16) months, low term two (2) years the middle term, and three (3) years the upper term. The (DSL) is obligated to impose the middle

(3)

1   term of the two (2) years to the Petitioner, Mr. Verdugo the court

2   may only impose the upper term of three (3) years if these are

3   "circumstances of aggravation" shown by the prosecution and proven

4   by a jury beyond a reasonable doubt. [Apprendi v New Jersey (2005)

5   530 U.S. 466]. the California Courts adopted to implement the

6   (DSL) to define "aggravated circumstances" to justify the court to

7   impose an upper term and the judge was given the option to impose

8   that term on the preponderance of the evidence. The United States

9   Supreme Court ruled that to be a violation of a defendants Sixth

10  Amendment Right under the U.S.C.A. In Apprendi: the court held

11  that any fact in excess of the statutory maximum must be found by a

12  jury and established beyond a reasonable doubt. That rule is also

13  applied under Washington's Sentencing Reform Act, [Blakely v

14  Washington (2006) 542 U.S. 296.] As in Blakely, the same applies

15  here in Petitioner's sentence; under the (DSL) there are no facts

16  shown by the court to impose the upper term, the sentence is

17  unconstitutional and a violation of his Due Process Right and Sixth

18  Amendment Right. Not only in the sentence imposed, but also in the

19  priors imposing the one year enhancements which were not plead and

20  proven.

21  Consequently, those facts are subject to the Sixth Amendment's

22  Jury-Trial guarantee. The Judge had no right to impose a sentence

23  outside the midterm without proving additional facts.

24      As shown in [Booker v. United States (2006) 543 U.S. 220, 125

25  S.Ct. 738] and Blakely there was no distinction of constitutional

26  significance between the Federal Sentencing Guidelines and

27  Washington State's procedures, as ruled with California's (DSL),

28  the guidelines and schemes are much the same. The Court ruled

( 4 )

1   preponderance of the evidence is a violation of <u>Apprendi</u>. The

2   Judge here in the Petitioner's case is bound by the (DSL) to select

3   the two (2) year term and not a range from sixteen (16) months to

4   eight (8) years.    His sole authority may impose the midterm,

5   anything further falls within the province of a Jury beyond a

6   reasonable doubt standard.

7

8       In California's sentencing scheme, the (DSL) Determinate

9   Sentencing Law obliges Judges in California to impose the midterm

10  unless the Judge finds one or more additional circumstances of

11  aggravation.    These are defined as facts that justify an upper

12  term.    The (DSL) by placing sentence - elevating fact finding

13  within a Judges province violates a defendant's right to trial by

14  Jury, safeguarded by the Sixth and Fourteenth Amendments.

15  [Apprendi v. New Jersey 530 U.S. 466, 490, 120 S.Ct 2348].

16  <u>Apprendi</u> exposed any defendant that receives any sentence in excess

17  of the statutory maximum; must be found guilty by a reasonable

18  doubt by a jury on the the aggravating facts in which the excessive

19  sentence was imposed.    In Petitioner's sentence in violation to

20  California's Health and Safety P.C. 11377(a), there were no facts

21  presented by the Judge or to a jury to lawfully impose the upper

22  term of three (3) years.    As stated in [Blakely v. Washington

23  (2006) 542 U.S. 296, 304-305 124 S.Ct. 2531], without facts

24  triggering a sentence to an upper term the Judge cannot impose the

25  upper term.    Petitioner's (3) years doubled is unconstitutionally

26  imposed by the Court.    Two (2) years was the Lawful term that could

27  be imposed.    California's (DSL) sentencing scheme resembles the

28  sentencing systems invalidated in <u>Blakely</u> and <u>Booker</u>. Because

aggravated facts that authorize the upper term are found by a Judge and need be only established by a preponderance of the evidence, the (DSL) violates the Rule of Apprendi.

In [Booker v. United States (2005) 543 U.S. 220, 125 S.Ct. 738] the range of sentence to be established was presented to Jury, and when the Court used evidence NOT presented or facts NOT presented to the Jury to impose an excessive sentence it was a violation to Booker's Constitutional Right to a jury trial on the presented facts. The Petitioner also bears the same right. There are no underlying facts to impose the upper term to the Petitioner's sentence and with (Count 1) being a violation of the Health and Safety Code, there were no violent aggravating factors presented by the Court in regards to assume even a preponderance of evidence that proves any aggravating circumstances existed. the Petitioner has no circumstances that justify the term imposed and should be given the middle term fixed by the California Sentencing Scheme (DSL) of (2) years.

Petitioner respectfully requests the Court to remand Petitioner back to Court for reversal of his imposed sentence that was unconstitutional and be resentenced by the Court and weigh the judgment in review and request an Evidentiary Hearing. If the Court allows an Evidentiary hearing on Petitioner's behalf, Petitioner prays that this Court will order appointment of Counsel to represent Petitioner regarding matters contained herein because of the complex legal nature of the arguments made, and because Petitioner is indigent and cannot afford Counsel to represent him.

( 6 )

RICHARD VERDUGO    T-85856
SALINAS VALLEY STATE PRISON
FACILITY B, BLDG. 1 - 204
SOLEDAD, CA 93960-1050

In Pro Per

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD VERDUGO ) | | Case No: E042665 |
| Petitioner, ) | | |
| ) | | |
| vs ) | | AFFIDAVIT AND MOTION FOR |
| ) | | LEAVE TO FILE AND PROCEED |
| MICHAEL EVANS, WARDEN ) | | IN FORMA PAUPERIS IN THE |
| _____ ) | | FOREGOING ATTACHED MATTER |

I, Richard Verdugo, hereby move this Court for leave to file and proceed in the foregoing and attached action(s) without prepayment of fees, cost or security thereof.

**IN SUPPORT OF MY APPLICATION, I DECLARE:**

1.    I am unable to pay cost of said action including cost of duplication, give security due to the fact that I am indigent and incarcerated at Salinas Valley State Prison, Soledad, California and am unable to earn or otherwise obtain the funding required to prosecute the aforementioned cause of action successfully.

2.    My assets are $0.00.

3.    My income is $0.00.

4.    The nature of the attached action is briefly as follows:
Petition for Writ of Habeas Corpus, Conviction and Sentence.
For all the foregoing reasons, i pray this Court Grant this and/or motion, permitting me to proceed IN FORMA PAUPERIS with the attached motion(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing statements are true and correct.

Executed this **3-19** day of 2008, at Salinas Valley State Prison, Soledad, in Monterey County California.

*Richard Verdugo*

Richard Verdugo, T-85856
Petitioner, In Pro Per

VERIFICATION

I, Richard Verdugo, state:

I am the Petitioner in this action, I have read the foregoing Petition for Writ of Habeas Corpus and the facts stated therein are true of my knowledge, except as to the matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Salinas Valley State Prison, Soledad, California in the County of Monterey on __3-19-08__, 2008

_Richard Verdugo_
Richard verdugo, Petitioner

T-85856
State ID Number

1

## PROOF OF SERVICE

2  I, Richard Verdugo, Declare:

3     That I am over the age of 18, and party to the herein cause
of action, and that I reside at Salinas Valley State Prison,
4  Soledad, California, in Monterey County.

5                              Richard Verdugo, T-85856
                             Salinas Valley State Prison
6                            FACILITY B, Bldg. 1 - 204
                             SOLEDAD, CA  93960-1050

7
On **3-19-08**        , 2008, I delivered to Prison Officials
8  for mailing the following legal documents.

9                       WRIT OF HABEAS CORPUS

10 in a sealed envelope by delivery to Prison Housing Officers,  to
be placed into the inmate legal mail in accordance with the
11 Supreme Court Case, (Houston B. Lack (1988) 487 U.S. 266, 108
S.Ct. 2379) and addressed to:

12                            CLERK OF U.S. DISTRICT COURT
                             Room 4290
13                           880 Front Street
                             San Diego, CA  92101-8900
14
15     I declare under penalty of perjury under the laws of the
State of California, that the foregoing statements are true and
16 correct.

17     Executed at Salinas Valley State Prison, Soledad, CA on
**3-19-08**    , 2008.

18
19 *Richard Verdugo*
Richard Verdugo  T-85856
20 Petitioner, In Pro Per

21

22

23

24

25

26

27

28

EXHIBIT  A

Superior Court of California, County of Riverside          Page: **2**

SCASPRT
/15/06
CASE PRINT                                               RC
www.courts.co.riverside.ca.us

DEFENDANT STATUS: Closed
ARREST DATE ....: 5/12/05

3 NUMBER:   SWF011852
EST NBR :   L05132004C
EST AGY :   Riv Sheriff - Lake Elsinore              Defn : 1 of   1
endant .:   VERDUGO, RICHARD MICHAEL
.......:    CRUZ, MICHAEL

/20/05

Felony Plea form Filed.

Felony Fingerprint Form Filed

Hearing Set 05/26/2005 at  8:30 re PRLH is
Vacated.                                                      Dispo

S103   Felony Settlement Conference
Honorable JUDGE CRAIG G. RIEMER Presiding.
Clerk: J. MATA
Court Reporter: R. BALOG
People Represented By Deputy District Attorney J.
HARINGSMA.
Defendant Represented By PVT N. COCIS.
Defendant Present.
At 11:39, the following proceedings were held:
Defendant Waives Formal Arraignment.
Defendant Withdraws Plea of not guilty as to
COUNT(S) 01 and is rearraigned.
Defendant Waives Constitutional Rights.
Defendant advised of right to trial by jury.
Defendant advised of right to confront and cross
examine witnesses; right to present evidence on
own behalf.
Defendant advised of privilege against self
incrimination.
Defendant advised of charges and consequences of
his/her plea and statutory sentencing.
Court finds based on inquiry and examination of
deft, that deft has the ability to understand and
does understand his/her constitutional rights.
Defendant waives right to jury trial.
Defendant waives right to confront and cross
examine witnesses.
Defendant waives privilege against
self-incrimination.
Defendant waives rights to Preliminary Hearing.
Defendant pleads Guilty to Count(s) 01.
Defendant Admits Prior(s) 01.
Defendant Admits Prior(s) 02.
Defendant admits prior strike pursuant to
Sections 667(c) PC and 667(e)(1) PC
Court Orders Prior(s) 03 Stricken.

EXHIBIT B

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

THE PEOPLE OF THE STATE OF CALIFORNIA,    )
                                          )
                                          ) Case No. SWF-011852
            Plaintiff,                    )
                                          ) Report & Sentencing
        vs.                               )
                                          )
RICHARD MICHAEL VERDUGO,                  )
                                          )
            Defendant.                    )
                                          )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE F. PAUL DICKERSON III, JUDGE PRESIDING

DEPARTMENT S-303

October 12, 2005

APPEARANCES:

For the People:         OFFICE OF THE DISTRICT ATTORNEY
                        BY:  ASHLEY WOOD, Deputy
                        30755-D Auld Road, Third Floor
                        Murrieta, California 92563

For the Defendant:      JOSEPH A. KATZ, Attorney at Law
                        40485 Murrieta Hot Springs Rd., #274
                        Murrieta, California 92563

Reported by:            SANDRA C. WALKER, CSR No. 6977
                        Official Reporter
                        Riverside Superior Court



1 | -- WEDNESDAY, OCTOBER 12, 2006 - MURRIETA, CALIFORNIA --

2 | -- BEFORE THE HONORABLE F. PAUL DICKERSON III - DEPT. S-303 --

3 | THE COURT:  Let's go on the record in the Verdugo

4 | matter, SWF-011852.  Where is Richard Verdugo?

5 | MR. KATZ:  Present in custody, back row, left.

6 | THE COURT:  And that's your matter, Mr. Katz?

7 | MR. KATZ:  May it please the Court, at this time I

8 | would like to substitute in as counsel of record.

9 | THE COURT:  We'll show your general appearance.

10 | MR. KATZ:  Thank you, Your Honor.

11 | THE COURT:  What can I do for you?

12 | MR. KATZ:  Your Honor, we now have all the discovery

13 | pertaining -- it may look a little funny to the Court, but I

14 | actually have been working on the case, and we have the lab, and

15 | Mr. Verdugo, after careful conversation and consultation with

16 | his counsel, me, is ready to proceed with sentencing.

17 | We have a further request:  We would ask, subsequent to

18 | sentencing, that Your Honor -- you know, Your Honor, I think --

19 | I apologize.  I think, once again, I've -- we don't have his

20 | updated credits.  I should have spoken with Ms. McKnight.

21 | THE COURT:  That's fine.  I have a couple of other

22 | cases.  Why don't you calculate the credits.

23 | MR. KATZ:  I can do that quickly, Your Honor.

24 | (THE COURT HEARD OTHER MATTERS.)

25 | THE COURT:  Let's go back on the record in the Verdugo

26 | matter, SWF-011852.  This is the time and date set for

27 | sentencing.

28 | Mr. Katz, any legal cause?

1   MR. KATZ:  No, Your Honor.

2   THE COURT:  Waive arraignment; submit?

3   MR. KATZ:  So waived.

4   THE COURT:  Ms. Wood, submit?

5   MS. WOOD:  Submit.

6   THE COURT:  It is the order of the Court that probation

7 be denied; Mr. Verdugo is sentenced to state prison for

8 eight years, as follows:

9   On Count 1, it's the upper term, doubled, because of

10 the admission of the strike, plus one year, to be served

11 consecutively, for the admission of the two prison priors

12 pursuant to 667.5(b), for a total of eight years.

13   Mr. Katz, you said you had the credits?

14   MR. KATZ:  Yes, I do, Your Honor.

15   His credits are 154 actual, 76 4019 time, for a total

16 of 230.

17   THE COURT:  Ms. Wood, submit?

18   MS. WOOD:  Submit.

19   THE COURT:  Credits would 154 actual, 76 4019, for a

20 total of 230.

21   Is there a motion by the People to dismiss any

22 remaining counts and allegations?

23   MS. WOOD:  So moved.

24   THE COURT:  Mr. Katz, anything else, sir?

25   MR. KATZ:  Yes, Your Honor.

26   THE COURT:  Yes?

27   MR. KATZ:  Your Honor, Mr. Verdugo has a civil matter

28 calendared for CMC conference.  I don't know in what department,

2

1 but it's downtown. And that's in Case No. RIC-415542 on

2 November 10th. May it please the Court, would you order him to

3 be transported to that court date on that -- to that court on

4 that date to appear in that matter? He is the plaintiff.

5        THE COURT: That I'm not going to be able to do,

6 because I've already sentenced him to state prison, so I no

7 longer have jurisdiction. He just has to hope that the

8 Department of Corrections -- he is a sentenced prisoner now,

9 so --

10        MR. KATZ: I wasn't aware of his court date until this

11 morning yet. Otherwise, I might have continued --

12        THE COURT: There's nothing I can do now, because he's

13 sentenced.

14        MR. KATZ: Yeah.

15        THE COURT: Anything else, Mr. Katz?

16        MR. KATZ: No, I guess not.

17        THE COURT: Anything else, Ms. Wood?

18        MS. WOOD: No, Your Honor.

19                    (PROCEEDINGS CONCLUDED.)

20

21

22

23

24

25

26

27

28

## REPORTER'S CERTIFICATE

STATE OF CALIFORNIA      ~ )~
                          ) ss.

COUNTY OF RIVERSIDE       )

          I, SANDRA C. WALKER, Certified Shorthand

Reporter No. 6977, do hereby certify:

          That on October 12, 2005, in the County of

Riverside, State of California, I took in shorthand a true and

correct report of the testimony given and proceedings had in the

above-entitled cause, and that the foregoing is a true and

accurate transcription of my shorthand notes, taken as

aforesaid, and is the whole thereof.


DATED: Murrieta, California, May 24, 2006.

                        SANDRA C. WALKER, CSR NO. 6977

EXHIBIT C

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE


THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                         )
                    Plaintiff,           ) Case No. SWF-011852
                                         )
            vs.                          ) Report & Sentencing
                                         )
RICHARD MICHAEL VERDUGO,                 )
                                         )
                    Defendant.           )
_____    )


REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE F. PAUL DICKERSON III, JUDGE PRESIDING

DEPARTMENT S-303

October 12, 2005


APPEARANCES:

For the People:          OFFICE OF THE DISTRICT ATTORNEY
                         BY:  ASHLEY WOOD, Deputy
                         30755-D Auld Road, Third Floor
                         Murrieta, California 92563

For the Defendant:       JOSEPH A. KATZ, Attorney at Law
                         40485 Murrieta Hot Springs Rd., #274
                         Murrieta, California 92563

Reported by:             SANDRA C. WALKER, CSR No. 6977
                         Official Reporter
                         Riverside Superior Court



1 -- WEDNESDAY, OCTOBER 12, 2006 - MURRIETA, CALIFORNIA --

2 -- BEFORE THE HONORABLE F. PAUL DICKERSON III - DEPT. S-303 --

3          THE COURT:  Let's go on the record in the Verdugo

4 matter, SWF-011852.  Where is Richard Verdugo?

5          MR. KATZ:  Present in custody, back row, left.

6          THE COURT:  And that's your matter, Mr. Katz?

7          MR. KATZ:  May it please the Court, at this time I

8 would like to substitute in as counsel of record.

9          THE COURT:  We'll show your general appearance.

10          MR. KATZ:  Thank you, Your Honor.

11          THE COURT:  What can I do for you?

12          MR. KATZ:  Your Honor, we now have all the discovery

13 pertaining -- it may look a little funny to the Court, but I

14 actually have been working on the case, and we have the lab, and

15 Mr. Verdugo, after careful conversation and consultation with

16 his counsel, me, is ready to proceed with sentencing.

17          We have a further request:  We would ask, subsequent to

18 sentencing, that Your Honor -- you know, Your Honor, I think --

19 I apologize.  I think, once again, I've -- we don't have his

20 updated credits.  I should have spoken with Ms. McKnight.

21          THE COURT:  That's fine.  I have a couple of other

22 cases.  Why don't you calculate the credits.

23          MR. KATZ:  I can do that quickly, Your Honor.

24                    (THE COURT HEARD OTHER MATTERS.)

25          THE COURT:  Let's go back on the record in the Verdugo

26 matter, SWF-011852.  This is the time and date set for

27 sentencing.

28          Mr. Katz, any legal cause?

1

1    MR. KATZ:  No, Your Honor.

2    THE COURT:  Waive arraignment; submit?

3    MR. KATZ:  So waived.

4    THE COURT:  Ms. Wood, submit?

5    MS. WOOD:  Submit.

6    THE COURT:  It is the order of the Court that probation

7  be denied; Mr. Verdugo is sentenced to state prison for

8  eight years, as follows:

9         On Count 1, it's the upper term, doubled, because of

10  the admission of the strike, plus one year, to be served

11  consecutively, for the admission of the two prison priors

12  pursuant to 667.5(b), for a total of eight years.

13    Mr. Katz, you said you had the credits?

14    MR. KATZ:  Yes, I do, Your Honor.

15    His credits are 154 actual, 76 4019 time, for a total

16  of 230.

17    THE COURT:  Ms. Wood, submit?

18    MS. WOOD:  Submit.

19    THE COURT:  Credits would 154 actual, 76 4019, for a

20  total of 230.

21         Is there a motion by the People to dismiss any

22  remaining counts and allegations?

23    MS. WOOD:  So moved.

24    THE COURT:  Mr. Katz, anything else, sir?

25    MR. KATZ:  Yes, Your Honor.

26    THE COURT:  Yes?

27    MR. KATZ:  Your Honor, Mr. Verdugo has a civil matter

28  calendared for CMC conference.  I don't know in what department,

2

1  but it's downtown.  And that's in Case No. RIC-415542 on

2  November 10th.  May it please the Court, would you order him to

3  be transported to that court date on that -- to that court on

4  that date to appear in that matter?  He is the plaintiff.

5       THE COURT:  That I'm not going to be able to do,

6  because I've already sentenced him to state prison, so I no

7  longer have jurisdiction.  He just has to hope that the

8  Department of Corrections -- he is a sentenced prisoner now,

9  so --

10       MR. KATZ:  I wasn't aware of his court date until this

11  morning yet.  Otherwise, I might have continued --

12       THE COURT:  There's nothing I can do now, because he's

13  sentenced.

14       MR. KATZ:  Yeah.

15       THE COURT:  Anything else, Mr. Katz?

16       MR. KATZ:  No, I guess not.

17       THE COURT:  Anything else, Ms. Wood?

18       MS. WOOD:  No, Your Honor.

19            (PROCEEDINGS CONCLUDED.)

20

21

22

23

24

25

26

27

28

EXHIBIT D

EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 08 2007

CASE NO. SWC000134

IN THE MATTER OF THE
PETITION OF:

RICHARD VERDUGO

VS.

PEOPLE OF THE STATE OF CALIFORNIA

FOR A WRIT OF HABEAS CORPUS

**ORDER RE:
PETITION FOR
WRIT OF HABEAS CORPUS**

The Court having read and considered the Petition for Writ of Habeas Corpus filed 03/05/07 , hereby orders the following:

1. Pursuant to Section 260(a) and (e) of the California Rules of Court, the petition is denied for the following:

   (A)___ Petitioner has failed to allege sufficient facts to established a prima facie case for petitioner's release. (The allegations are vague and conclusionsary).

   (B)___ Petitioner has failed to exhaust his/her administrative remedies.

   (C)___ The facts alleged in support of the petition have been previously considered and the earlier petition was denied on_____.

   (D)___ The circumstances described in support of the petition have changed, thereby rendering the petition moot.

   (E)___ Other:_____

( ) 2. The Attorney General/District Attorney is ordered to show cause why the petition should not be granted and shall file a return with 30 days of service of this order.

## CLERK'S CERTIFICATE OF MAILING

I, Clerk of the Superior Court, County of Riverside, do hereby certify I am not a party to the above action:  On _3|09|07_, I served a copy of the foregoing Order by depositing said copy in a sealed envelope with prepaid postage, in the mail at ___Murrieta___, California addressed as indicated.


Date: ___3|09|07___                Deputy Clerk: _____


[X] ATTORNEY GENERAL              [ ] DISTRICT ATTORNEY
    P O BOX 85266                     46-209 OASIS STREET
    SAN DIEGO, CA 92186               INDIO, CA 92201


[ ] DISTRICT ATTORNEY             [ ] DISTRICT ATTORNEY
    4075 MAIN STREET                  30755-D AULD ROAD
    RIVERSIDE, CA 92501               MURRIETA, CA 92563

) 3.  The court, having considered the petition, return, denial, declarations and matters of judicial notice, finds there is a reasonable likelihood that petitioner may be entitled to relief and the interest of justice require petitioner's presence at the hearing.

Matter set for (evidentiary hearing) (oral argument) on _____ at _____ am/pm in Department_____.

) 4.  The petition is granted and a Writ of Habeas Corpus shall issue with the following specific relief: _____

_____

_____

) 5.  After considering the petition, return (denial) (evidence presented at the hearing), the petition is denied for the following reason(s) : _____

_____

( ) 6.  The petition makes a prima facie showing concerning questions arising before or during the trial or sentencing of petitioner and this court deems the showing to be of sufficient substance to suggest consideration by the sentencing court.  Griggs v. Superior Court (1976)  16 Cal 3d 341.

( ) 7.  The petition is transferred to the Superior Court of California, County of _____ which rendered judgment against the petitioner for consideration and disposition by that court.

Date: 3/7/07

_____
JUDGE OF THE SUPERIOR COURT

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

FILED

APR 0 4 2007

COURT OF APPEAL FOURTH DISTRICT

In re

RICHARD VERDUGO

on Habeas Corpus.

E042665

(Super.Ct.Nos. SWC000134 &
SWF011852)

The County of Riverside

THE COURT

The petition for writ of habeas corpus is DENIED.

McKINSTER

_____
Acting P.J.

cc:    See attached list



S154718

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re RICHARD VERDUGO on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
**FILED**

JAN – 3 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
**GEORGE**
Chief Justice

JS44
(Rev. 07/89)

## 2254 CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILING FEE PAID**  No

**IFP MOTION FILED**  Yes  No

**COPIES SENT TO**  Court  Party

**FILED**

2008 APR -2 PM 4: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**I (a) PLAINTIFFS**

Richard Verdugo

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Monterey
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Richard Verdugo
PO Box 1050
Soledad, CA 93960
T-85856

ATTORNEYS (IF KNOWN)

'08 CV 0607 L POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
**(For Diversity Cases Only)**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE  April 2, 2008

SIGNATURE OF ATTORNEY OF RECORD

149351  $5.00 sea 4/2/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 149351   — SH

## April 02, 2008
## 16:20:00

## Habeas Corpus
USAO #.: 08CV0607
Judge..: M. JAMES LORENZ
Amount.:                    $5.00 MO
Check#.: 05817454773

## Total—>   $5.00

FROM: RICHARD VERDUGO